IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PRISCILLA PEREA,**

       Plaintiff,

vs.                                    Civ. No. 97-328 M/DJS

**KENNETH S. APFEL,
Commissioner of Social Security,**[1]

       Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

    1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

[2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.   Plaintiff applied for supplemental security income benefits under Title II of the Act on June 5, 1991. Tr. 26. This disability claim was initially granted on July 26, 1991 but Plaintiff's disability status ceased on February 1, 1995. Tr. 30, 35. Plaintiff challenged the decision terminating these benefits. A hearing was held before the ALJ at which Plaintiff and her attorney appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 17, 476. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 5-7. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.   Plaintiff alleges a disability due to liver disease. Tr. 30. At the time of the administrative hearing, Plaintiff was a forty-four year old individual with a high school education. Tr. 478, 480. Plaintiff's prior relevant work included employment as a salesperson and assistant manager of a retail store. Tr. 56, 491.

**Issues**

4.   Plaintiff alleges the ALJ made four errors in denying Plaintiff's applications for disability benefits.  Specifically Plaintiff alleges that: (1) the ALJ failed to consider Plaintiff's impairments in combination at step three of the sequential evaluation; (2) the ALJ failed to properly assess how Plaintiff's fatigue and pain affect her residual functional capacity (RFC); (3) the Appeals Council erred in finding that additional evidence submitted does not provide a basis for changing the ALJ's decision; and (4) the ALJ erred in finding Plaintiff not disabled based upon the grids.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead

scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes her from returning to her past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering her age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that she is not engaged in substantial gainful employment;  (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that she has met or

4

equaled a listing, she must show at step four that she is unable to perform work she had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience. If a determination of disabled or not disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8.  Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9.  Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain

concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. The ALJ applied the correct legal standard at step three. Upon review of the record it is clear the ALJ considered the whole record before him including (1) objective medical findings, (2) Plaintiff's daily activities, and (3) Plaintiff's testimony before the ALJ. Such an analysis is not contrary to law. See also Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992)("To require a more elaborate articulation of the ALJ's thought processes would not be reasonable.") The ALJ specifically wrote in his opinion that he analyzed Plaintiff's impairments according to two separate

6

Listings.  He reviewed Plaintiff's impairments of record under Sections 5.00 and 9.00.  To show equivalency, the Plaintiff "must present medical findings equal in severity to all the criteria for the one most similar listed impairment."  <u>Sullivan v. Zebley</u>, 493 U.S. 521, 532 (1990).  As discussed below, Plaintiff has failed to present medical findings which are equal in severity to any particular listed criteria.  <u>Puckett v. Chater</u>, 100 F.3d 730 (10th Cir. 1996); <u>Campbell v. Bowen</u>, 822 F.2d 1518, 1521 (10th Cir. 1987)("The appellant has not suggested how the combination of impairments might meet the criteria in the appendix."); See also <u>Young v. Sulivan</u>, 911 F.2d 180, 185, n.2 (9th Cir. 1990)

11.   The ALJ correctly found that Plaintiff's pain and fatigue are not disabling.  The ALJ specifically found that Plaintiff's complaints are not supported by the medical evidence.  This determination is supported by substantial evidence and should be upheld.  <u>Diaz v. Secretary of Health and Human Services</u>, 898 F.2d 774, 777 (10th Cir. 1989).  The relevant medical evidence is as follows:  In January of 1995 Plaintiff was "feeling great."  Tr. 234.  In February of 1995, four years post liver transplant, Plaintiff was "doing quite well."  Tr. 232.  According to the record of Dr. DeFlice, she was "having no complaints, no jaundice, no fatigue."  <u>Id</u>.  Her lab reports were of no concern in that she had "normal AST, ALT and bilirubin."  <u>Id</u>.  In May of 1995, Plaintiff was seen by Dr. Neal Friedman, Endocrinology.  Tr. 363.  She was "feeling well."  <u>Id</u>.  In June of 1995, Plaintiff was seen

for a follow up and she told Dr. DeFlice at that the she at "no specific complaints." Tr. 361. Dr. DeFlice made no recommendations based upon her laboratory data.  In August of 1995, Plaintiff told her physician that she "has very little fatigue, is quite active, has a normal diet...complains of inability to lose weight, but otherwise fells well." Tr. 391.  In February of 1996, Plaintiff had "no specific complaints." Tr. 382.  Certainly the objective evidence does not support fatigue and pain of such severity as to preclude Plaintiff from performing all work activity.  See Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).  Further, "testimony alone cannot establish a nonexertional impairment." Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1499 (10th Cir. 1992).

    12. Plaintiff contends that the ALJ erred in failing to consider the side effects of Plaintiff's medication.  In the August 1995 hearing Plaintiff complained of the side effects of her medication.  Tr. 504-505.  Plaintiff testified that when she had side effects her physicians would lower the dosage and the side effects would resolve.  She also spoke of damage from the medication to other organs in her body.  There is no objective medical evidence in the record supporting this allegation. Further, as discussed supra, substantial evidence supports the ALJ's finding that Plaintiff is not credible.  The evidence does not allow this Court to find otherwise.  It was not error for the ALJ not to discuss this in his decision.  Zalewski v. Heckler, 760

F.2d 160, 166 (7th Cir. 1985)(The Court does "not require the ALJ to evaluate in writing every piece of testimony and evidence submitted.").

    13.  The Appeals Council did not err in finding that new evidence did not warrant a review.  The new evidence are the letters from Dr. Angelica Caglia.  Tr. 469.  Dr. Caglia's opinions were not substantiated by her records or the other medical records. Thus, it was not error for the Appeals Council to grant a review. Plaintiff's physician, Dr. Angelica Caglia, has written in a letter to Mr. Martone, Plaintiff's attorney, that Plaintiff has fatigue and must rest every day after lunch. Tr. 466.  This is simply not supported by the medical records of Dr. Caglia or other treating physicians.  Fatigue is not mentioned in Dr. Caglia's records. Further in March of 1993, Dr. Caglia states that the "patient has done quite remarkably well including her attitude and disposition and the only problem that we are having right now is the control of diabetes mellitus."  Tr. 273.  In February of 1996, Plaintiff saw Dr. Caglia for a complete physical.  Tr. 383. Other than her labs for diabetes, they were with normal limits. Neither fatigue nor pain were mentioned.

    14.  The ALJ properly applied the grids.  The "mere presence of [fatigue and pain] do not automatically preclude reliance on the grids."  Ray  865 F.2d at 225.  As discussed *supra*, substantial evidence supports the ALJ's finding that Plaintiff's alleged

nonexertional impairments do not affect her ability to work. Thus, reliance on the grids is proper.  <u>Gossett</u> 862 F.2d at 808.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**